UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-CR-00361 |
| | : | |
| Plaintiffs, | : | Judge John R. Adams |
| | : | |
| -vs- | : | |
| | : | |
| ANDRE BADLEY | : | **DEFENDANT'S SENTENCING** |
| | : | **MEMORANDUM** |
| Defendant. | : | |
| | : | |

Now comes the Defendant, Andre Badley, by and through undersigned counsel Justin M. Weatherly, Esq., and respectfully moves this Honorable Court to consider, as part of the Defendant's allocution, the following Sentencing Memorandum prior to passing final judgment upon him.

Respectfully Submitted,

/s/ Justin M. Weatherly
JUSTIN M. WEATHERLY, Esq.
Reg. No. 0078343
Henderson, Mokhtari & Weatherly
1231 Superior Avenue East
Cleveland, Ohio 44114
(216) 774-0000
Counsel for Defendant Andre Badley

**BRIEF IN SUPPORT**

I. **STATEMENT OF THE CASE**

On or about May 13, 2022, the Defendant, Andre Badley, (the "Defendant" hereafter), was charged in a five (5) count indictment, to wit, Count One (1), Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C)) with an Enhanced Penalty for a Prior Serious Drug Felony Conviction in violation of 21 U.S.C. §841(b)(1)(B), Count Two (2), Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C)), Count Three (3), Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C)), Count Four (4) Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2)), Count Five (5) Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)). Counts One (1) through Five (5) allege Forfeiture Specifications pursuant to 21 U.S.C. §853, 18 U.S.C. §924(d)(1) and 28 U.S.C. §2461(c).

On or about April 14, 2022, the Defendant was found guilty by jury trial on all five (5) counts alleged in the Indictment. Additionally, the jury found that the Defendant was subject to the enhanced penalties because he committed the offense subsequent to a conviction for a serious drug felony. The jury also found that the Defendant was subject to the Forfeiture specifications alleged in the Indictment. The Defendant is currently scheduled to be sentenced before this Honorable Court on or about August 18, 2022, at 12:00 PM before this Honorable Court.

The final U.S. Pretrial Services Presentence Investigation Report submitted herein recommends that this Honorable Court find Mr. Badley's base offense level to be a level

2

twenty-eight (28) pursuant to §2D1.1(c)(6). However, the Report suggests that the base offense level should be adjusted by increasing it by two (2) levels pursuant to §2D1.1(b)(1) for the possession of a firearm, resulting in a total offense level of thirty (30). The Defendant, by and through undersigned counsel, agrees with such an adjustment as well as the total offense level.

The Report further designated the Defendant as having a criminal history score of three based on prior convictions. The report further suggests that two (2) points should be added because the Defendant committed the instant offense while under a criminal justice sentence from the U.S. District Court, Northern Ohio case 1:95CR00125, resulting in a total criminal history score of five (5) and establishing a criminal history category of three (III), pursuant to the federal sentencing guidelines. The Defendant, by and though undersigned counsel agree with this determination as well. The resulting calculation using the total offense level of thirty (30) and a criminal history category of III results in a sentencing range calculation from one hundred and twenty-one (121) to one hundred and fifty-one (151) months of incarceration. The Defendant, by and though undersigned counsel, agree that this calculation represents the appropriate sentencing guideline range.

**II.    LAW AND ARGUMENT**

**A.    Determining the Sentence**

Following United States v. Booker, 543 U.S. 220 (2005), sentencing courts should engage in a three-step approach to federal sentencing:

First, the Court should determine and apply the applicable advisory sentencing guideline range. *See*, Gall v. United States, 552 U.S. 38 (2007). Second, the Court should determine whether a departure is consistent with the guidelines. *See*, United States v.

McBride, 434 F. 3d 470 (6th Cir. 2006) (holding that departures are still a relevant consideration for determining the appropriate guideline sentence). Third, the Court should determine whether a variance outside the advisory guideline system is warranted under the authority of 18 U.S.C. §3553(a).

"As the United States Supreme Court explained in Rita v. United States, 551 U.S. 338, (2007), a district court should begin all sentencing proceedings by correctly calculating the applicable guideline range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, *supra*. "Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the 18 U.S.C. § 3553(a) factors to determine whether they support the sentence requested by a party. In doing so, the district judge may not presume that the Guideline range is reasonable. He must make an individualized assessment based on the facts presented." Id.

### 1. Determining the Guideline Range

Defendant Andre Badley agrees that his total offense level is thirty (30) and his sentencing category is III.

### 2. Determining Whether a Variance Outside the Advisory Guidelines System is Warranted Under the Authority of 18 U.S.C. §3553(a).

In determining whether a variance (i.e., a sentence outside the guideline range other than as provided for in the Guidelines Manual) is warranted, courts should consider the following factors contained in 18 U.S.C. § 3553(a):

  (1) The nature and circumstance of the offense and the history and characteristics of the defendant;

  (2) The need for the sentence imposed:

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant;

        (D) to provide the defendant with needed educational, or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and sentencing range established for –

        (A) the applicable category of the offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5)     any pertinent policy statement issued by the sentencing commission;

(6)     the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1)-(6).

Moreover, section 3553(a) places the Guidelines on equal footing with the other factors and judges must exercise sound discretion when imposing a sentence. In addition, 18 U.S.C. § 3661 provides: "No limitation shall be placed on the [receipt and consideration of] information concerning the background, character, and conduct" of a defendant."

    **B.**     **Background, Character, and Conduct of Mr. Badley.**

The Defendant respectfully asserts that "the court, in considering the particular sentence to be imposed, shall consider . . . the history and characteristics of the defendant." 18 U.S.C. 3553(a)(1). This Honorable Court should take into consideration Mr. Badley's background, character, and conduct in imposing sentence upon him.

    **1.**     **Character of Andre Badley**

Andre Badley is a forty-nine (49) year old lifelong resident of Cleveland, Ohio and a father of four (4) children.  Mr. Badley maintains a relationship with his youngest daughter, Tiandrea, when he is not in custody and has tried to have a relationship with his other children when he was released from prison.   However, given that Mr. Badley has been in custody or on restrictive supervised release a majority of his children's lives, maintaining those relationships has been difficult.   Mr. Badley now suffers from Post-Traumatic Stress Disorder from the lengthy term of imprisonment served and violence he witnessed while incarcerated.

Unfortunately, his past includes other influences.  Mr. Badley began using alcohol, marijuana, and cocaine around the age of sixteen (16) or seventeen (17).   With respect to the alcohol and marijuana, he reported his use as periodic and "not often."  However, regarding his cocaine use, Mr. Badley admitted that his use was more frequent and even characterized his usage as "a problem, it was abuse."  Mr. Badley completed an intensive outpatient program (IOP) at Signature Health but relapsed approximately three months after completion of the program.  Prior to his arrest in the instant matter, Mr. Badley reenrolled in the IOP program.  Mr. Badley still remains interested in receiving substance abuse treatment.

During the commission of the offense which brings him before this Honorable Court, Badley was abusing drugs.  The offense to which he was found guilty of was a direct result of that abuse, as it was committed with the sole purpose of supporting his drug habit.  For this reason, Mr. Badley, by and through undersigned counsel, is requesting a recommendation for RDAP as well as any other drug or treatment program that might benefit Mr. Badley while incarcerated. He respectfully requests the most lenient and merciful sentence deemed appropriate by this Honorable Court, and requests to be able to report to a facility nearest to his family for whatever time this Honorable Court choses to have him incarcerated.

WHEREFORE, the Defendant by and through undersigned counsel, respectfully moves this Honorable Court to consider, as part of the Defendant's allocution, the foregoing Sentencing Memorandum prior to passing final judgment upon him.

Respectfully Submitted,

/s/ Justin M. Weatherly
JUSTIN M. WEATHERLY, Esq.
Counsel for Defendant Andre Badley

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail, including the parties listed below. Parties may access this filing through the Court's Electronic System.

/s/ Justin M. Weatherly
JUSTIN M. WEATHERLY, Esq.
Counsel for Defendant Andre Badley

Marc D. Bullard, Esq
216-622-3644
Fax: 216-533-7499
Email: marc.bullard@usdoj.gov

Jason W. White, Esq.
216-622-3600
Fax: 216-522-8355
Email: Jason.w.white@usdoj.gov