UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-00361 |
| | : | |
| Plaintiffs, | : | Judge John R. Adams |
| | : | |
| -vs- | : | |
| | : | |
| ANDRE BADLEY, | : | **OBJECTIONS TO** |
| | : | **PRESENTENCE REPORT** |
| | : | |
| Defendant. | : | |
| | : | |

Now comes the Defendant, Andre Badley, by and through undersigned counsel, Justin M. Weatherly, Esq., and pursuant to Federal Rules of Criminal Procedure, hereby objects to several provisions of the Presentence Investigation Report disclosed to undersigned counsel on August 4, 2022, for the reasons more fully contained in the attached brief in support, incorporated herein by reference.

s/ Justin M. Weatherly, Esq.
JUSTIN M. WEATHERLY, Esq.
Reg. No. 0078343 East
Henderson, Mokhtari & Weatherly
1231 Superior Avenue
Cleveland, Ohio 44113
(216) 774-0000
jw@hmwlawfirm.com
Counsel for Defendant Andre Badley

**MEMORANDUM IN SUPPORT**

On or about May 13, 2021, the Defendant, Andre Badley (the "Defendant" hereafter), was charged in a five (5) count indictment, to wit, Count one (1), Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) with an Enhanced penalty for a Prior Serious Drug Felony Conviction in violation of 21 U.S.C. §841(b)(1)(B); Count Two (2), Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C); Count Three (3), Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C); Count Four (4) Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2); and Count Five (5) Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B). Counts One (1) through Five (5) alleged Forfeiture Specifications pursuant to 21 U.S.C. §853, 18 U.S.C. §924(d)(1) and 28 U.S.C. §2461(c).

On or about April 14, 2022, the Defendant was found guilty by jury trial on all five (5) counts alleged in the Indictment. Additionally, the jury found that the Defendant was subject to the enhanced penalties because he committed the offense subsequent to a conviction for a serious drug felony. The jury also found that the Defendant was subject to the Forfeiture specifications alleged in the Indictment.

**A. OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

On or about August 4, 2022, the Presentence Investigation Report was disclosed to undersigned counsel. Pursuant to Federal Rule of Criminal Procedure 32(f) and the encompassing subsections, the Defendant by and through undersigned counsel respectfully makes the following objections:

1. The two additional levels pursuant to U.S.S.G §2D1.1(b)(12), for maintaining a premises for manufacturing-controlled substances.
2. The two additional levels pursuant to U.S.S.G §2D1.1(b)(1), for finding, during the execution of the search warrant on March 5, 2021, a firearm.
3. The two additional levels pursuant to U.S.S.G. §4A1.1(d), for finding, that the Defendant committed the instant offense while under a criminal justice sentence in U.S. District Court, Northern Ohio case 1:95CR00125.

As it pertains to the first two objections, the United States Government alleged that they "believe that he maintained the 646 Turney Road apartment, at least in part, to manufacture crack cocaine." The Defendant, at no stage, ever resided at 646 Turney Road. He was never on a lease, never on an agreement, nor ever resided there. The enhancement applies to anyone who ("(1) knowingly (2) opens or maintains any place (3) for the purpose of manufacturing or distributing a controlled substance." United States v. Johnson, 737 F.3d 444, 447 (6th Cir. 2013). The Commentary to this provision of the Guidelines directs to Courts to consider "(A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant-controlled access to, or activities at, the premises." U.S.S.G. § 2D1.1(b), Application Note 17. As stated, at no stage did the Defendant hold *any* possessory interest in 646 Turney Road. He was not on the lease nor had independent access to the premises. To apply this enhancement would be contrary to what the United States Sentencing Guidelines Committee intended.

In their objections, the United States Government cite to United States v. Bell, 766 F.3d 636 (6th Cir. 2014) and States v. Broadnax, 777 Fed.Appx. 137, 142 (6th Cir. 2019). However, the cases cited relate to individuals who reside in the home. Again, and as stated, the Defendant never held a possessory interest in 646 Turney Road.

Further, the Presentence Investigation Report calls for a further two-point enhancement pursuant to U.S.S.G. §2D1.1(b)(1). This is due to the fact that during the execution of the search

warrant conducted on March 5, 2021, a Taurus G2C 9mm semi-automatic handgun, was located. Further, a Glock 17 Gen 5 9mm semi-automatic handgun was located in a safe In the bedroom closet of 646 Turney Road. Again, this two-point enhancement is for the possession of a firearm which was located during the search warrant of 646 Turney Road. As stated, the Defendant, at no time, held a possessory interest in 646 Turney Road. As such, the previous argument applies, meaning this enhancement goes well beyond the intention of the guidelines.

The final objection is based upon the first step act and the Defendant's release from Federal Custody in 2019. On September 18, 1997, the Defendant was found guilty at trial in case number 1:95CR00125. Subsequently, he was sentenced to life imprisonment. Pursuant to the First Step Act, he was released on February 15, 2019, and resentenced to time served plus 8 years of supervised released. However, pursuant to the First Step Act, when *this* case was indicted in March 2021, he should have been off of supervised release. There was an issue in the sentencing entry from the Honorable Judge Polster by not retroactively applying the time he had already served, thus causing him to be on supervised release for a further 8 years. The Defendant's sentence was commuted to 10 years. He actually served 24 years. He should have been released in 2005 and off of supervised release in 2013. The eight years supervised release, under the First Step Act, should have started during his time in prison. Therefore, he should not have been on supervised release at the time of *this* case. If the First Step Act had been correctly journalized by the Honorable Judge Polster by retroactively applying the 10 years plus the supervised release, then this enhancement would not be applicable to the Defendant.

**WHEREFORE,** the Defendant Andre Badley, by and through undersigned counsel, Justin M. Weatherly, Esq., respectfully submits the above listed objections as required by Federal Rules of Criminal Procedure 32(f).

Respectfully Submitted,

s/ Justin M. Weatherly, Esq.
JUSTIN M. WEATHERLY, Esq.
Counsel for Defendant Andre Badley

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically delivered to the following on this 2nd day of June 2021:

Robert J. Kolansky, Esq.
216-622-3780
Email: Robert.kolansky@usdoj.gov

James L. Morford Esq.
216-622-3743
Email: James.Morford@usdoj.gov

Vanessa V. Healy
216-622-3652
Vanessa.healy@usdoj.gov

Julie A. Gray
U.S. Pretrial Services & Probation Officer
Akron, OH
330-252-6292
Julie_Gray@ohnp.uscourts.gov

s/ Justin M. Weatherly, Esq.
JUSTIN M. WEATHERLY, Esq.
Counsel for Defendant Andre Badly